IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:21-CR-27-TAV-JEM |
| ) | |
| JEREMY LEE PENDERGRASS, ) | |
| ) | |
| Defendant, ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation as appropriate.

This case is before the undersigned on Defendant Jeremy Pendergrass's First Specific Discovery Request [Doc. 27] and his Motion for Leave to File Motion to Suppress Out of Time [Doc. 37], filed on January 6 and March 1, 2022 respectively. *See* 28 U.S.C. § 636(b). The parties appeared on April 7, 2022, for a hearing on the motions. Assistant United States Attorney Latoyia T. Carpenter appeared on behalf of the Government. Attorney Christopher J. Oldham represented Defendant, who was excused from the hearing.

In his First Specific Discovery Request, Defendant asks the Court to order the Government to disclose three categories of items in discovery: (1) the body camera recordings for Harriman Police Officer Tony Gregory for the evening of December 4, 2019; (2) the contents of Defendant's cellular telephone, which was seized by the Harriman Police Department on December 4, 2019; and (3) the Roane County E-911 call sheets for the communications of Units 918 and 924 for their entire shifts on December 4, 2019 [Doc. 27]. The Government responded that (1) recordings from Officer Gregory's body camera do not exist due to a malfunction; (2) the contents of Defendant's

1

cellular telephone were not downloaded because Defendant declined consent to search his cellphone; and (3) the call sheets have been provided to defense counsel [Doc. 31-1]. Defendant filed a reply, arguing that the Government's response on the first two items is evasive and unresponsive [Doc. 32].

At the April 7 hearing, the parties informed the Court that the Government provided the E-911 call sheets, making that request moot. The parties also argued their positions on disclosure of the body camera footage and contents of Defendant's cellular telephone. After hearing the parties' positions, the Court finds the parties are still engaged in discussions regarding the body camera footage and the contents of Defendant's cellphone. Mr. Oldham stated that the parties may resolve the issue of the cellphone contents. AUSA Carpenter said she will check on a question defense counsel has posed on the body camera footage, but that question does not change the Government's position that the footage does not exist. The Court permitted the parties to attempt to resolve these issues with further investigation and discussion. The parties shall file a status report, either jointly or individually, on the Motion for Specific Discovery by or on **May 6, 2022**.

The Court also addressed Defendant's motion for leave to file a suppression motion out of time [Doc. 37]. Defendant filed a motion to suppress evidence [Doc. 34], on February 22, 2022, ten months after the expiration of the April 29, 2021 motion deadline. The Court ordered Defendant to supplement his motion with a brief demonstrating cause for the untimely filing of the motion [Doc. 36]. Defendant then filed a Motion for Leave to File Motion to Suppress Out of Time [Doc. 37]. As grounds for his motion, Defendant contends that the Court substituted Mr. Oldham as defense counsel on October 10, 2021 [Doc. 26]. He asserts that the basis for the request for substitute counsel was prior counsel's failure to raise and litigate pretrial motions before advising Defendant to enter into a plea agreement. Defendant states that Mr. Oldham inadvertently

failed to file a motion for leave with his suppression motion, despite having previously prepared a motion for leave. Defendant argues that counsel's inadvertent and excusable error constitutes good cause for permitting the untimely suppression motion.[1] The Government does not oppose Defendant's request for leave to file a suppression motion out of time [Doc. 46].

A Defendant seeking to suppress evidence must file a motion before trial. Fed. R. Crim. P. 12(b)(3)(C). Under Rule 12, the Court may set and extend or reset a deadline for filing pretrial motions. Fed. R. Crim. P. 12(c)(1)–(2). If a party fails to file a pretrial motion within the deadline set by the Court, the Court has discretion to decline to consider the motion, unless the party can show "good cause" for the untimely filing. Fed. R. Crim. P. 12(c)(3). "Good cause is a 'flexible standard' requiring an explanation for both the delay *and* the potential prejudice." *United States v. Trujillo-Molina*, 678 F. App'x 335, 337 (6th Cir. 2017). "At a minimum, a party must 'articulate some legitimate explanation for the failure to timely file.'" *Id.* (quoting *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010)).

The Court finds the delay in filing the suppression motion stems from Defendant's entry into a plea agreement, which Defendant now seeks to withdraw, and a change in counsel. Based on Defendant's representations in his motion for leave, Defendant has provided a legitimate explanation for the delay in filing the suppression motion. Although the belated filing represents a change in strategy, this change in tactics occurred before Defendant changed his plea to guilty, thereby minimizing any potential prejudice. Moreover, the Government does not raise any prejudice from the untimely filing and characterizes Defendant's request for leave to file the late

---

[1] Defendant also contends that no case law or applicable rule prohibits the Court's consideration of his suppression motion, despite having a plea agreement filed in the record. Defendant has since filed a motion to withdraw his plea agreement [Doc. 40], which is pending before the District Judge. Accordingly, the Court finds the pendency of the plea agreement is not an issue.

3

suppression motion as "well-taken" [Doc. 46].[2]  For these reasons, the Court finds the Defendant has established good cause for the untimely filing of the suppression motion.  Defendant's Motion for Leave to File Motion to Suppress Out of Time [**Doc. 37**] is **GRANTED**.

Accordingly, the Court **ORDERS** as follows:

(1) The Court has Defendant's First Specific Discovery Request [Doc. 27] under advisement.  The parties shall file a status report, either jointly or individually, on the discovery motion on or by **May 6, 2022**;

(2) Defendant's Motion for Leave to File Motion to Suppress Out of Time [**Doc. 37**] is **GRANTED**;

(3) The Government shall respond to Defendant's Motion to Suppress [Doc. 34] on or before **April 22, 2022**.  Defendant may file a reply on or by **April 29, 2022**; and

(4) The parties shall appear before the undersigned for an evidentiary and motion hearing on the suppression motion on **June 3, 2022, at 1:30 p.m.**

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

[2]  The Government also does not oppose Defendant's motion to withdraw his plea agreement [Doc. 47].

4