IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:21-CR-27-TAV-JEM |
| JEREMY LEE PENDERGRASS, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Government's Request [for] Redaction [Doc. 81], requesting that fifty references to names of adults and addresses be redacted from the transcripts of hearings on June 15 and 23, 2022, before those transcripts [Docs. 75, 76] are made remotely electronically available. More specifically, the Government seeks to redact the names and addresses of adults who are not parties to this case, including the street on which the three adults live, as well as the specific address of the of the yard in which a bystander witness was located and the specific address where Defendant stopped to ask for directions.

The Government's request is governed by Rule 49.1 of the Federal Rules of Criminal Procedure. Rule 49.1(a) directs the redaction of the names of minors and the home address of individuals, whether or not they are parties, "[u]nless the court orders otherwise[.]" Fed. R. Crim. P. 49.1(a). The Rule does not require the redaction of names of adults. Addresses are to be redacted to provide only "the city and state of the home address." Fed. R. Crim. P. 49.1(a)(5). Under Rule 49.1(e)(1), the Court may order additional information to be redacted upon the demonstration of "good cause[.]"

1

Upon the Court's Order, the Government filed a sealed brief, in which it states its reasons for requesting redactions that go beyond the requirements of Rule 49.1(a) [Doc. 88, SEALED]. Defendant responded that he does not oppose redaction of the public transcripts as suggested by the Government, but he asks that an unredacted copy of the transcripts remain in the record under seal [Doc. 93].

The Court held oral argument on this motion on October 7, 2022. Assistant United States Attorney LaToyia T. Carpenter appeared on behalf of the Government. Attorney Christopher J. Oldham represented Defendant Pendergrass, who was also present.

At the hearing, AUSA Carpenter asserted that the Court should redact the names of three adults, who are not parties to this case, from the transcripts because the Government has a compelling interest in protecting the privacy of individuals who provide information to law enforcement to encourage assistance. She maintained that the circumstances of the offenses, namely that two Caucasian officers approached and detained an African-American male, could cause an inference that the individuals who assisted law enforcement acted with bad motives. She stated the individuals whose names are at issue are elderly and, thus, more vulnerable to harassment or retaliation. Although she acknowledged that the names are in other filings and exhibits, she maintained that the mention of the individuals' names and addresses in the transcripts would allow others easily to connect the individuals with the officers' actions. AUSA Carpenter argued that, based on the current political and moral "climate," these individuals names should be redacted.

Mr. Oldham again took no position on the motion. He argued that, generally, he favored transparency in criminal trials and accusations. He also observed that the public could obtain the information subject to redaction by requesting a police report from the law enforcement agency.

Mr. Oldham, however, stated that he understood AUSA Carpenter's concerns. To the extent the Court permits the redactions, he asked that it also order that a sealed, unredacted version of the transcripts remain in the record. AUSA Carpenter agreed with maintaining a sealed, unredacted copy of the transcripts in the record.

The Court begins by observing that "[a] 'strong presumption' exists in favor of keeping both criminal and civil court records open to the public." *United States v. Brown*, No. 3:22-CR-00033-BJB-CHL-1, 2022 WL 1274411, at *1 (W.D. Ky. Apr. 28, 2022) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176–79 (6th Cir. 1983)). Typically, only three classes of information may be shielded from public access: (1) trade secrets, (2) privileged information, and (3) information protected by statute. *Id.* (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 308 (6th Cir. 2016)). The party seeking non-disclosure bears the burden of overcoming this strong presumption, *id.*, and "'only the most compelling reasons can justify non-disclosure of judicial records.'" *Shane Grp.*, 825 F.3d at 305 (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). This "strict standard" applies even when the parties agree to nondisclosure because the public's right to access judicial records must be considered. *Brown*, 2022 WL. 1274411, at *1.

The Court finds the Government has failed to bear the burden of overcoming the strong presumption for access to judicial records with respect to all but the street name and addresses of the adult witnesses. The names of the three adult witnesses are neither trade secrets nor protected by statute. Indeed, the Government acknowledges that the names of adult witnesses do not come within Rule 49.1(a). Rule 49.1, however, requires redaction of their home addresses to provide only the city and state. Fed. R. Crim. P. 49.1(a)(5).

As for whether any information sought to be redacted is privileged, the Court finds that the names and addresses of the adult witnesses are not privileged information. The Government's arguments for redaction seemingly conflate its privilege to protect the identities of anonymous tipsters with protection of the identity of any witness in a criminal case. *See Roviaro v. United States*, 353 U.S. 53, 59 (1967). The Government enjoys a privilege to protect the identities of confidential informants:

> What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

*Id.* But the informer's privilege is not absolute and must yield when the informant's identity is "relevant and helpful to the defense of an accused" or "essential to a fair determination of a cause." *Id.* at 60–61. Here, none of the three adults sought out law enforcement to provide information as confidential informants. One witness observed the officer monitoring the Defendant's actions at the home of a neighbor, asked the officer what was happening, and answered the officer's questions about whether the witness recognized the vehicle Defendant was driving. The other two witnesses lived at the address where Defendant stopped to ask for directions.

Finally, the Court observes that, for the most part, the Government's arguments could apply to any witness in any case, which would eviscerate the presumption in favor of public access to court records. Although the Government raises the age of the witnesses and the societal issues implicated by the parties' arguments, these considerations do not constitute good cause under the circumstances of this case, particularly when the witnesses' names occur in other documents filed

in the record and can be obtained from other sources such as police reports. *See Brown*, 2022 WL 1274411, at *3 (determining that a report of an internet search history containing names of other people should not be sealed because "any personal information contained in Exhibit L would have been revealed through ordinary internet searches and is therefore already available to the public").

Accordingly, the Court finds (1) that the Government's request to redact the names of three adult witnesses in this case should be denied and (2) that the Government's request to redact the street name on which the three adults live, as well as the specific address of the of the yard in which the bystander witness was located and the specific address where Defendant stopped to ask directions, should be granted in part and denied in part such that the addresses reveal only the city and state. Fed. R. Crim. P. 49.1(a)(5).

Rule 49.1(g), however, permits the Court to require a reference list that "identifies each item of redacted information and specifies an appropriate identifier that uniquely corresponds to each item listed." Fed. R. Crim. P. 49.1(g). "Any reference in the case to a listed identifier will be construed to refer to the corresponding item of information." *Id.* Here, the Government proposes the identifier "Address," with no distinction between references to the street generally and the two specific residences. This proposed redaction would unduly obscure the analysis of the issues in this case. Thus, while the Court grants the Government's request to redact the addresses in part, the Court requires specific identifiers to distinguish between the three different references. The street name generally shall be referenced as "Street." The address of the residence at which Defendant stopped shall be referenced as "Address One." The address of the yard in which the bystander neighbor was located shall be referenced as "Address Two." The Government is **ORDERED** to prepare a new reference list with these identifiers and file it under seal on or before March 14, 2023.

Finally, the Court **GRANTS** the parties' joint request for an unredacted copy of the two transcripts [Docs. 75, 76] to be filed in the record under seal. *See* Fed. R. Crim P. 49.1(f) (providing for the filing of a sealed, unredacted copy of a document).

Accordingly, the Court **ORDERS** as follows:

(1) The Government's Request [for] Redaction [**Doc. 81**] is **DENIED in part and GRANTED in part**. The request to redact the names of three adult witnesses is **DENIED**. The request to redact addresses is **GRANTED** except for redaction of the city and state;

(2) The Government is **ORDERED** to prepare a new reference list omitting the witness names and identifying the general references to the street as "Street", the references to the residence where Defendant stopped as "Address One", and the references to the address of the yard in which the bystander witness was standing as "Address Two". The Government shall file the new reference list under **SEAL** on or before **March 14, 2023**;

(3) Once the Government files the new reference list, the Court Reporter **SHALL** redact the transcripts from the June 15 and 23, 2022 hearings [Docs. 75, 76] accordingly and file the redacted copies in the record; and

(4) The Clerk of Court is **DIRECTED** to maintain the unredacted transcripts from the June 15 and 23, 2022 hearings [Docs. 75, 76] permanently under **SEAL**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge